# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

*IN RE SOTERA HEALTH COMPANY SECURITIES LITIGATION*

Case No. 1:23-cv-00143-CEF

Judge Charles Esque Fleming

**LEAD PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Lead Plaintiffs Oakland County Employees' Retirement System, Oakland County Voluntary Employees' Beneficiary Association, and Wayne County Employees' Retirement System respectfully submit this response to Defendants' Notice of Supplemental Authority (ECF No. 48) (the "Notice"), which attached the United States Supreme Court's decision in *Macquarie Infrastructure Corporation v. Moab Partners, L.P.*, 144 S. Ct. 885 (2024).

In *Macquarie*, the Supreme Court addressed the limited question of the scope of civil liability for "***pure omissions***" of "known trends and uncertainties" that are required to be disclosed in the Management's Discussion and Analysis of Financial Condition and Results of Operation ("MD&A") sections of public companies' annual (Form 10-K) and quarterly (Form 10-Q) filings with Securities and Exchange Commission ("SEC") under Item 303 of Regulation S-K ("Item 303"). 17 C.F.R. § 229.303(b)(2)(ii). The Supreme Court held, in a narrow ruling, that "pure omissions" of trends and uncertainties required to be disclosed under Item 303 "are not actionable under Rule 10b-5(b)," (*Macquarie*, 144 S. Ct. at 889) **but** made clear that the omission of information required by Item 303 will support a Rule 10b-5(b) claim "if the omission renders affirmative statements made misleading." *Id*. at 892. Fundamentally, the Supreme Court found that if the company's SEC filings are alleged to contain affirmative "half-truths" that omit information

required to be disclosed under Item 303 such misleading statements are actionable in private civil litigation under Section 10(b) of the Exchange Act. *Id.* at 891. Thus, the Supreme Court's ruling in *Macquarie* does not reach the Item 303 allegations in this case because Lead Plaintiffs allege that Defendants made "affirmative statements" that were misleading for failure to disclose "known trends and uncertainties."

Defendants' Notice selectively quotes Lead Plaintiffs' Consolidated Class Action Complaint (the "Complaint," ECF No. 24), but does not even mention or address that Lead Plaintiffs' allegations under Item 303 are based on affirmative, misleading disclosures in Sotera's SEC Filings. Specifically, the Complaint alleges that the "***MD&A disclosures*** in Sotera's Forms 10-K and 10-Q filed with the SEC during the Class Period were materially false or ***misleading***" because they did not "disclose material uncertainties and trends associated with Defendants' failure to properly control EtO emissions and the true risk of liability related to the EtO related lawsuits filed against the Company[.]" ¶344 (emphasis added). The Complaint enumerates a number of materially misleading ***affirmative*** statements in Sotera's SEC filings on these subjects, including, for example, Defendants' statement that they "consistently meet and outperform regulatory emissions control requirements" (¶220 (quoting the 2020 Form 10-K)); and statements in the MD&A of multiple Sotera SEC filings denying "allegations" related to lawsuits arising from Sterigenics' operations in Willowbrook, Illinois and Atlanta, Georgia (¶¶223, 244). *See also* MTD Ex. 2 at 17, 54 (ECF No. 31-4). In light of these affirmative statements, Defendants' failure to disclose known trends regarding "Defendants' failure to properly control EtO emissions and the true risk of liability" was a misleading half-truth. These allegations are not affected in any way by the Supreme Court's decision in *Macquarie*.

2

Moreover, the *Macquarie* court explained that its ruling did not impact scheme liability claims under Rules 10b-5(a) and 10b-5(c). 144 S. Ct. at 892 n.2. The Complaint states such a claim by alleging that Defendants engaged in a scheme to "deceive the investing public . . . regarding, among other things, Sotera's commitment to public safety and compliance with regulatory requirements," and that part of the course of conduct in service of that scheme included "[c]oncealing the carcinogenic risks posed by EtO . . . from the public by denying the merits of the EtO litigation and claiming that the Company had been using EtO 'safely' since the 1930s." ¶¶449-51. The MD&A section of the 2020 Form 10-K's failure to disclose known trends regarding "Defendants' failure to properly control EtO omissions and the true risk of liability related to the EtO-related lawsuits filed against the Company" (¶344) fits squarely within the alleged scheme.

*Macquarie* does not require the dismissal of any portion of Lead Plaintiffs' claims, and in fact **supports** liability for cases like this one, where plaintiffs plead "Item 303 violations that create misleading half-truths" and that support a scheme liability claim. 144 S. Ct. at 892 & n.2.

| | |
|---|---|
| Dated: April 29, 2024 | Respectfully submitted |

*/s/ Scott D. Simpkins*
Scott D. Simpkins, SBN 66775
**CLIMACO, WILCOX, PECA
 & GAROFOLI CO., LPA**
1001 Lakeside Avenue
Suite 1400
Cleveland, Ohio 44114
Telephone: (216) 621-8484
Facsimile: (216) 771-1632
sdsimp@climacolaw.com

*Liaison Counsel for Lead Plaintiffs Oakland County Employees' Retirement System and Oakland County Voluntary Employees' Beneficiary Association, and Wayne County Employees' Retirement System*

Hannah Ross (*pro hac vice motion pending*)
James A. Harrod (*pro hac vice*)

Timothy Fleming (*pro hac vice*)
Stephen Boscolo (*pro hac vice*)
**BERNSTEIN LITOWITZ BERGER
 & GROSSMANN LLP**
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
hannah@blbglaw.com
jim.harrod@blbglaw.com
timothy.fleming@blbglaw.com
stephen.boscolo@blbglaw.com

*Co-Lead Counsel and Counsel for Lead Plaintiffs Oakland County Employees' Retirement System and Oakland County Voluntary Employees' Beneficiary Association*

Serena P. Hallowell (*pro hac vice*)
**MOTLEY RICE LLC**
777 Third Ave., 27th Floor
New York, NY 10017
Telephone: (212) 577.0040
Facsimile: (212) 577.0054
shallowell@motleyrice.com

William S. Norton (*pro hac vice*)
Meredith B. Weatherby (*pro hac vice*)
Shade (Ridge) Mazingo (*pro hac vice*)
Courtney R. Wolf (*pro hac vice*)
**MOTLEY RICE LLC**
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Tel: (843) 216-9000
bnorton@motleyrice.com
mweatherby@motleyrice.com
rmazingo@motleyrice.com

*Co-Lead Counsel and Counsel for Lead Plaintiff Wayne County Employees' Retirement System*

Aaron L. Castle (*pro hac vice* forthcoming)
Robert Abb (*pro hac vice* forthcoming)
**VANOVERBEKE MICHAUD
 & TIMMONY P.C.**
79 Alfred Street

4

Detroit, Michigan 48201
Telephone: (313) 578-1200
Facsimile: (313) 578-1201
acastle@vmtlaw.com
rabb@vmtlaw.com

*Additional Counsel for Lead Plaintiffs Oakland County Employees' Retirement System, Oakland County Voluntary Employees' Beneficiary Association, and Wayne County Employees' Retirement System*

Adam T Savett
Robert C. Finkel (*pro hac vice* forthcoming)
Joshua W. Ruthizer (*pro hac vice* forthcoming)
**WOLF POPPER LLP**
845 Third Avenue
New York, NY 10022
Telephone: (212) 759-4600
Facsimile: (212) 486-2093
asavett@wolfpopper.com
rfinkel@wolfpopper.com
jruthizer@wolfpopper.com

*Additional Counsel for Plaintiffs City of North Miami Beach General Employees' Retirement Plan, and City of North Miami Beach Police Officers' and Firefighters' Retirement Plan*

5

**Certificate Of Service**

    I hereby certify that on April 29, 2024, the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

        Respectfully submitted,

        */s/ Scott D. Simpkins*
        Scott D. Simpkins (0066775)
        *Liaison Counsel for Lead Plaintiffs*